The Honorable J.L. "Jim" Shaver State Representative P.O. Box 592 Wynne, Arkansas 72396
Dear Representative Shaver:
This is in response to your request for an opinion on a proposal to elect the directors of Cross County School District No. 7 by single member zones. You indicate that the district was formed by the consolidation of three former districts — Cherry Valley, Vanndale, and Hickory Ridge. It is my understanding that the consolidation was effected in 1967 pursuant to A.C.A. §6-13-301—311, which provides that for consolidations of three districts, there shall be six school directors, two from each of the former districts. This is currently the situation in Cross County School District No. 7.
Recently, however, ten percent of the qualified electors of the school district have petitioned the county election commission pursuant to A.C.A. § 6-13-615 (Cum. Supp. 1991) to have placed on the ballot the question of electing the school board members by single member zones. This statute provides for the calling of the election and, if the vote is passed, the county election commission "shall establish, within the school district, boundaries for the election of directors of the school board which shall have substantially equal population . . . and, from which, racial minorities may be represented on the board in proportions reflected in the district population as a whole." A.C.A. § 6-13-615(c).
The ballot title summarizing the vote to be taken provides that "THE SIX MEMBERS OF THE CROSS COUNTY SCHOOL DISTRICT #7 BOARD OF DIRECTORS SHALL BE ELECTED FROM ZONES, WITH EACH OF THE ORIGINAL DISTRICTS WHICH CREATED THIS DISTRICT . . . TO HAVE TWO MEMBERS OF THE BOARD. THE BOARD SHALL SERVE IN SINGLE MEMBER DISTRICTS WITHIN THE ORIGINAL SCHOOL DISTRICTS." The proposal to be voted on therefore requires the election of directors from single member zones, but apparently requires two zones within each former district from which one director each will be elected.
Your first question relative to these facts is whether the proposed ballot title, which you have enclosed, adequately advises the voters of the question upon which they are asked to vote. It must be noted in response to this question that this office has no authority over local ballot titles, as my authority in this regard is limited to state measures. A.C.A. § 7-9-107. I therefore must decline to opine upon this first question.
Your second question with regard to the facts above is as follows:
 If it is impossible to create six zones of substantially equal population, (1) will the County Election Commission be compelled to reapportion the original districts into zones according to population, or (2) could the election be void?
I assume that the first part of this question refers to the impossibility of creating six zones of equal population where two zones must be created within each former district. There would, on the other hand, be no impossibility if the County Election Commission undertook to carve six zones of substantially equal population from the total area of the newly consolidated district. It is my opinion that the answer to this question is "no." The election commission will not be compelled to reapportion the original districts into zones according to population as this would be contrary to statute. See A.C.A. §6-13-615(c). Each of the six zones must represent substantially equal populations relative to the other five, not just relative to the other zone in the former district. See again A.C.A.6-13-615(c).
In response to the second part of your question, it is my opinion that, indeed, if six zones of substantially equal population cannot be created within the constraints of the ballot title (that is, with two zones in each former district) the election, if approved, cannot be carried out in compliance with statute. The voters have simply been asked to approve a measure which cannot be implemented in accordance with law. The problem arises because A.C.A. § 6-13-615, the statute under which the petition was filed, does not contemplate the creation of zones within former consolidated districts. It contemplates merely the creation of six single member zones out of the total territory of an existing district.
It is therefore my opinion that if the measure is approved, it may be "void" if it cannot be carried out in accordance with A.C.A. § 6-13-615.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh